## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## EVANSVILLE DIVISION

| | |
|---|---|
| LAWRENCE TARRICK PEARSON, | CIVIL COMPLAINT |
|      Plaintiff, | |
| v. | CASE NO. 3:17-cv-00059 |
| PROGRESSIVE LEASING, LLC, | |
|      Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes LAWRENCE TARRICK PEARSON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PROGRESSIVE LEASING, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

**P**ARTIES

4.   Plaintiff is a 46 year old natural person residing at 1629 South Bedford Avenue, Evansville, Indiana, which falls within the Southern District of Indiana.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

7.   Defendant provides no credit needed lease purchase options for both stores and customers across the U.S, and its headquarters is located at 256 West Data Drive, Draper, Utah.  Defendant regularly contacts consumers located in Indiana to collect payment.

8.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

9.   Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

10.  Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**F**ACTS **S**UPPORTING **C**AUSES OF **A**CTION

12. In approximately October 2015, Plaintiff began receiving phone calls from Defendant to his cellular phone, (812) XXX-6992.  *See* Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

2

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the above cellular telephone ending in 6992. Plaintiff is and has always been financially responsible for the cellular phone and its services.

14. Defendant has used multiple phone numbers to call Plaintiff's cellular phone, including but not limited to: (832) 918-4822, (703) 574-9802, (920) 785-5684, (304) 988-4311, (307) 223- 3229, (256) 660-3799, (870) 667-3165, (865) 292-6199, (303) 876-1102, (202) 969-1018, (302) 257-3473, (808) 489-9199, (385) 347-3122, (912) 235-6804, and (316) 768-5660. *See* Exhibit A.

15. Upon information and belief, the aforementioned phone numbers are regularly used by Defendant to contact consumers during its collection activities.

16. Upon answering phone calls from Defendant, Plaintiff experiences a brief pause, lasting a few seconds in length, before a live representative begins to speak. *Id.*

17. On other answered calls from Defendant, Plaintiff is greeted with an automated message before being connected with a live representative. *Id.*

18. When Defendant calls Plaintiff's cellular phone, it asks him to speak with an individual named "Michelle." *Id.*

19. Plaintiff is unaware of any individual by that name, so he informed Defendant that he was not the individual it was seeking, and demanded that it stop contacting him. *Id.*

20. Despite informing Defendant that it was calling the wrong person, as well as his demands that it cease contacting him, it continued to regularly call Plaintiff's cellular phone well into 2016. *Id.*

21. Defendant has also called Plaintiff's cellular phone multiple times during the same day, with calls often coming in just minutes apart.

22. For instance, on November 10, 2015, Defendant contacted Plaintiff not less than 5 times.

23. Plaintiff has received at least 55 calls from Defendant seeking to collect upon an individual whom he did not know.  *Id.*

24. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

25. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $52.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss.  *Id.*

26.  Plaintiff has been unfairly harassed by Defendant's actions.

27.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28.  Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

30. Defendant used an ATDS in connection with its communications directed towards Plaintiff.  The automated message and brief pause that Plaintiff experiences during answered calls

before being connected to a live representative of Defendant is instructive that an ATDS is being used. Similarly, the frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

31. Plaintiff has never had any business relationship with Defendant nor has he given it permission to call his cellular phone. Defendant was calling Plaintiff's cellular phone looking for a different party whom Plaintiff had no familiarity with. As such, he could not have given Defendant consent to contact him. Even if Defendant had a legitimate business reason for initially contacting Plaintiff, which it did not, he explicitly revoked any consent by his demands to cease contact.

32. The calls placed by Defendant to Plaintiff were regarding collection and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant had ample reasons to be aware that it was calling the wrong party, but yet, it continued its attempts to harass Plaintiff into submission.

WHEREFORE, Plaintiff, LAWRENCE TARRICK PEARSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant to cease contacting Plaintiff; and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

34.  Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35.  Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

36. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction.  An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."  I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227."  I.C. 24-5-0.5-3(b)(19).

37.  Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff.  Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff.  Plaintiff never gave consent to Defendant and is unaware as to how it obtained his information.  Even so, Plaintiff still told Defendant to stop calling, which would revoke any hypothetical consent that Plaintiff may have given, which he did not.  Defendant consciously ignored Plaintiff's demands in an abusive attempt to collect payment.

38. In placing its onslaught of phone calls to Plaintiff's cellular phone, Defendant used not less than 15 different phone numbers.  Instead of ceasing its contacts to Plaintiff upon becoming aware that it was contacting the wrong party, Defendant continued its calling campaign using a plethora

6

of phone numbers with various area codes.  This was done in an unfair and deceptive manner in an attempt to trick Plaintiff into answering it calls.

39. In violating the TCPA, Defendant violated one of the specifically enumerated prongs of the IDCSA, I.C. 24-5-0.5-3(b)(19).  "In other words, an IDCSA claim may be based on one or more of the acts *or* representations on the list.  A claim may be based only on an enumerated act, and not a representations at all."  *Anderson v. O'Leary Paint Co*., 2011 U.S. Dist. LEXIS 110837 at 17.

40.  Defendant engaged in illegal and fraudulent behavior during its collection efforts towards Plaintiff.   Defendant was calling the wrong party, and it intended that Plaintiff rely on its illegal behavior and make a payment, even though the outstanding debt was not owed by him.  The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

41. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)."  I.C. 24-5-0.5-4(a)(1)(2).

42.  Defendant's conduct is part of a purposeful and systematic scheme to illegally collect upon unsophisticated consumers who may not be aware of their rights.  Defendant's conduct is an incurable deceptive act of which notice would not remedy.   Through fraudulent conduct, Defendant represented that it had the legal ability to contact Plaintiff via an ATDS.

43. Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by notifying it that it was contacting the wrong person, and demanding that it cease contacting

him.  However, Defendant's conduct is an incurable deceptive act of which notice would not remedy.  The fact that Defendant refused to abide by said notices and continued to contact the wrong party in an attempt to collect upon an outstanding debt further highlights that its behavior is incurable.

44. Defendant's conduct is also part of a systematic scheme to fraudulently contact consumers in Indiana.  Upon information and belief, Defendant conducts the same type of behavior on a wide and frequent basis, which goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

45. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 23 through 27, Plaintiff has suffered numerous damages as a result of Defendant's unlawful solicitation practices.  Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, LAWRENCE TARRICK PEARSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 11, 2017                                                   Respectfully submitted,

s/ Nathan C. Volheim                                              s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                      Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                             Counsel for Plaintiff
Admitted in the Southern District of Indiana        Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                                     Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                            900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                                     Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                              (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                            (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                thatz@sulaimanlaw.com